CALLAHAN, Circuit Judge,
dissenting:
I respectfully dissent. I do not read Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), as altering the two-prong standard for measuring ineffective assistance of counsel set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674 (1984). First, the defendant must show that counsel’s performance was deficient ,,. and [s]econd, the defendant must show that the deficient performance prejudiced the defense.” Id. at 686, 104 S.Ct. 2052.
Hwang’s attorney, not being well-versed in immigration law, sought and obtained the advice of not one, but two immigration lawyers, and passed their advice on to Hwang, It is not clear what more counsel should have done.
The Supreme Court instructs that “[j]udical scrutiny of counsel’s performance must be highly deferential,” we must make “every effort be made to eliminate the distorting effects of hindsight,” and “judge the reasonableness of counsel’s challenged conduct on the facts of the particular case, viewed as of the time of counsel’s conduct.” Id. at 689-90, 104 S.Ct. 2052. Properly viewed, Hwang has not shown that her attorney’s performance was deficient.
Certainly, the Supreme Court in Padilla stated that “when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear.” 559 U.S. at 369, 130 S.Ct. 1473. But L do not read this as creating the equivalent of strict liability whenever, in hindsight, the deportation consequences are “clear.” Rather, we must continue to apply the approach set forth in Strickland, We must first determine whether counsel’s *878 performance was deficient. The clarity of the immigration consequences is obviously a factor in that determination, but it is neither inherently compelling nor a substitute for the determination of deficiency. Here, Hwang’s counsel did not leave her without information. He made sure she understood that one immigration attorney thought that there were adverse immigration consequences from pleading guilty, but that another thought she might be eligible for discretionary relief.
Hwang’s counsel should be complimented for his efforts to provide her with information from alleged experts in immigration law. The subsequent determinations that one immigration attorney’s advice was wrong and that the adverse immigration consequences now seem “clear” do not, in my opinion, render the criminal defense attorney’s performance deficient. I would affirm the district court.